U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 16 2016

CLERK, U.S. DISTRICT COURT
By_____
        Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RIFAT MUHAMETAJ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:16-CV-00217-O |
| | § | |
| PERFORMANCE FOOD GROUP, INC. | § | |
| fka PERFORMANCE FOOD GROUP OF | § | |
| TEXAS, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION TO WITHDRAW REFERENCE AND REFER CASE TO BANKRUPTCY COURT

Before the Court are Defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction, Motion to Transfer Venue, and Motion to Dismiss for Failure to State a Claim, all filed on June 13, 2016 (ECF No. 7); and Plaintiff's Response to Defendant's Motion to Dismiss (ECF No. 26), filed on July 28, 2016. United States District Judge Reed O'Connor referred this case to the undersigned for pretrial management and for recommendation concerning case dispositive motions by Order entered July 12, 2016. (ECF No. 24); 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1).

Because the Plaintiff, Rifat Muhametaj ("Muhametaj"), is a debtor in a pending bankruptcy case and has alleged violations of the automatic stay, a core bankruptcy issue that predominates the entire case, the undersigned RECOMMENDS that Judge O'Connor withdraw this case from the undersigned and refer it to the presiding judge in Muhametaj's bankruptcy case pending in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division, as provided in this Court's Miscellaneous Order No. 33.

I. **BACKGROUND**

Muhametaj filed his Original Complaint against Performance Food Group, Inc. ("PFG") on March 21, 2016. ECF No. 1. In his Complaint, Muhametaj alleges that PFG filed a wrongful lawsuit against him on May 24, 2012 for overdue debt of approximately $3,416.92 incurred on or about April 5, 2011. *Id.* Muhametaj alleges that he paid this debt after reaching an agreement and payment plan with the Tarrant County District Attorney's Office. *Id.* PFG denies that Muhametaj satisfied the debt. ECF No. 7 at 2.

In its responsive pleading (ECF No. 7), PFG moves to dismiss for lack of subject matter jurisdiction and for failure to state a claim, moved to transfer venue, and, subject to those motions, answered Muhametaj's complaint. Thereafter, PFG filed briefs in support of its motions. ECF Nos. 12-14. Muhametaj responded to the motions in his Response to Defendant's Motion to Dismiss Plaintiff's Original Complaint (ECF No. 26), and for the first time disclosed that he was a debtor in bankruptcy and alleged that PFG violated the automatic stay in that proceeding. According to the bankruptcy court's docket, Muhametaj filed his chapter 13 bankruptcy petition on December 7, 2011.

II. **LEGAL STANDARD & ANALYSIS**

Under 28 U.S.C. § 157(a), each district court may provide that proceedings arising under title 11 as core proceedings or arising in or related to a case under title 11, shall be referred to the bankruptcy judges for the district. 28 U.S.C. § 157(a). The Northern District of Texas made that provision in 1984 in Miscellaneous Order No. 33. The Fifth Circuit has held that a proceeding is "core" under 28 U.S.C. § 157 if "it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987). A claim for violating the automatic stay is a core bankruptcy proceeding arising under title 11. *United States v. Miller*, No. Civ. A. 5:02-cv-0168-

2

Case 4:16-cv-00217-O Document 29 Filed 09/16/16 Page 3 of 5 PageID 122

C, 2003 WL 23109906 (N.D. Tex. Dec. 22, 2003). The district court may also refer a case to the bankruptcy judge if the case is related to a bankruptcy case. *Wood*, 825 F.2d at 93. A case is "related" to a bankruptcy proceeding if "the outcome of [the non-bankruptcy] proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Id.* (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984)).

The court in *United States v. Miller* held that Miscellaneous Order No. 33 of this Court "does not preclude a district court from exercising its jurisdiction." *Miller*, 2003 WL 23109906 at *4. As 28 U.S.C. § 157(d) provides, "[t]he district court may withdraw, in whole or in part, any case or proceeding referred . . . for cause shown." The Fifth Circuit has determined that the district court should not withdraw reference to the bankruptcy court of a core proceeding unless its withdrawal was based on a "sound, articulated foundation." *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998 (5th Cir. 1985). In *Miller*, Judge Cummings summarized the factors mentioned by the Fifth Circuit in *Holland America* in determining whether the withdrawal is based on an adequate foundation as follows: "(1) whether or not the proceedings were 'core' proceedings; (2) the effect of the withdrawal on judicial efficiency; (3) uniformity in bankruptcy administration; (4) reduction in forum shopping; (5) fostering the economical use of the debtors' and creditors' resources; (6) expediting of the bankruptcy process; and (7) whether or not there is a jury demand." 2003 WL 23109906 at *4. Applying those considerations to the facts presented in *Miller*, Judge Cummings withdrew reference of the violation of automatic stay proceeding to the bankruptcy case.

Unlike the situation in *Miller*, Muhametaj's bankruptcy case is still pending. Although Muhametaj demanded a jury in this case, the remaining factors described in *Holland America* and quoted above militate in favor of referring this matter to the bankruptcy court. Read together, Muhametaj's Complaint (ECF No. 1) and his Response to Defendant's Motion to Dismiss (ECF

3

No. 26) assert a claim for money damages and a violation by defendant of the automatic stay in his bankruptcy case. Under these facts, Muhametaj's claim of violation of the automatic stay is a core bankruptcy issue that predominates the entire case. Therefore, the case should be referred to the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division, for disposition in Muhametaj's bankruptcy case pending there.

## III. RECOMMENDATION

Although this Court has jurisdiction over bankruptcy cases, Muhametaj's claim that Defendant violated his automatic stay is a core bankruptcy issue that should be heard in the bankruptcy court. The undersigned therefore RECOMMENDS that Judge O'Connor withdraw his reference of this case to the undersigned and refer it to the Honorable Mark Mullin, presiding judge in Case No. 11-46875-mxm13, pending in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

It is so **ORDERED** on September 16, 2016.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE